United States Court of Appeals,

Fifth Circuit.

No. 91–3693

Summary Calendar.

CHEMICAL WASTE MANAGEMENT, INC., Plaintiff–Appellee,

v.

Paul H. TEMPLET, Ph.D., Secretary of the Louisiana Department of Environmental Quality, Defendant–Appellant.

Aug. 10, 1992.

Appeal from the United States District Court for the Middle District of Louisiana.

Before REAVLEY, HIGGINBOTHAM, and EMILIO M. GARZA, Circuit Judges.

REAVLEY, Circuit Judge:

Louisiana prohibits the importation, storage, treatment, and disposal on Louisiana soil of hazardous wastes that are generated in foreign nations. LA.REV.STAT.ANN. §§ 30:2190–91 (West 1989). The district court declared that these statutes are unconstitutional intrusions on Congress' dormant commerce power. *Chemical Waste Management, Inc. v. Templet,* 770 F.Supp. 1142, 1153 (M.D.La.1991). The Supreme Court recently held that the Commerce Clause prohibits Alabama from exacting a greater hazardous-waste-disposal tax for hazardous materials generated outside Alabama than it does for those generated in-state despite *Maine v. Taylor,* 477 U.S. 131, 106 S.Ct. 2440, 91 L.Ed.2d 110 (1986), and the quarantine cases cited by appellant Louisiana in its appeal of this case. *Chemical Waste Management, Inc. v. Hunt,* —— U.S. ——, ——, 112 S.Ct. 2009, 2016–17, 119 L.Ed.2d 121 (1992). So we must affirm the district court's decision unless Louisiana presents an argument that was inapplicable to *Hunt's* facts and prevents operation of the dormant Commerce Clause.

Louisiana argues that Congress, through the Resource Conservation and Recovery Act, 42 U.S.C. §§ 6901 *et seq.* (RCRA), and the Environmental Protection Agency, authorized Louisiana's entire hazardous waste program as a satisfactory replacement for the federal minimum standards, thus

rendering the challenged statutes an exercise of Congress' commerce power rather than an affront to it. But we may only find that Congress has permitted states to legislate in derogation of interstate commerce upon an "unmistakably clear ... expression of approval by Congress." *South–Central Timber Dev., Inc. v. Wunnicke,* 467 U.S. 82, 91–92, 104 S.Ct. 2237, 2242–43, 81 L.Ed.2d 71 (1984). The Fourth Circuit has held that South Carolina failed to present evidence "indicat[ing] an unmistakably clear congressional intent to permit states to burden interstate commerce" in the RCRA. *Hazardous Waste Treatment Council v. South Carolina,* 945 F.2d 781, 792 (4th Cir.1991). Nor does Louisiana present any such evidence in this case. In fact, the RCRA could be read to *prohibit* state hazardous-waste legislation that burdens interstate commerce. *See* RCRA, 42 U.S.C. § 6926(b) (state hazardous-waste programs must be "consistent with the Federal or State programs applicable in other States"); H.R.REP. No. 1491, 94th Cong., 2d Sess. 30 (1976), *reprinted in* 1976 U.S.C.C.A.N. 6238, 6268 ("general purpose of having federal minimum standards for hazardous waste disposal, with the option of state implementation of state programs equivalent to the federal program, is (1) it provides uniformity among the states as to how hazardous wastes are regulated ...").

AFFIRMED.